PER CURIAM.
The Florida Bar requests approval of amendments to Florida Bar Integration Rule Bylaws, article XI, section 4(l)(b), relating to the form and exhibits to be used and submitted by persons seeking reinstatement to membership in The Florida Bar. These amendments have been submitted for our approval in view of Florida Bar Integration Rule, article XI, rule ll.ll(l)(b), providing in pertinent part:
(b) FORM AND EXHIBITS. The petition shall be in such form and shall be accompanied by such exhibits as the Board of Governors shall prescribe, subject to the approval of the Supreme Court. .
No adverse arguments have been made against this proposed bylaw.
This bylaw is hereby approved as amended.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.
Article XI (Bylaws) Rules of Disciplinary Procedure
* * * * * *
(b) PETITIONS FOR REINSTATEMENT TO MEMBERSHIP IN GOOD STANDING PURSUANT TO ARTICLE XI, RULE 11.11. Petitions for reinstatement under this rule are available to suspended members of the Bar when the disciplinary judgment conditions their reinstatements upon a showing of compliance with specified conditions-, and to attorneys who have resigned for cause.
ll.llflVa) Petitions shall be styled in the Supreme Court and filed with The Florida Bar the Supreme Court in quadruplicate, with a copy served on Staff Counsel. The Florida Bar in Tallahassee.
ll.ll(T)(b) The petition shall be verified by petitioner and shall be accompanied by a deposit for costs of $150, a set of fingerprints which shall be certified by local police authorities, and a written authorization to the District Director of Internal Revenue, authorizing the furnishing of certified copies of petitioner’s tax returns for the past five years or since his admission to the Bar, whichever is greater. Said authorization shall be furnished on a separate sheet. Said petition shall have attached as an exhibit, a true copy of all disciplinary judgments previously entered against him the petitioner. It shall also include his petitioner’s statement concerning the following:
(1) Name, age, residence, address, and number and relation of dependents of the petitioner; (2) the offense or misconduct upon which the suspension or resignation for cause was based, together with the date of such suspension or resignation: (3) the names and addresses of all complaining witnesses in any disciplinary proceedings which resulted in suspension^ or resignation for cause: and the name and address of the referee or judge who heard such disciplinary proceedings or of the trial judge, complaining witnesses and prosecuting attorney, if suspension or resignation was based upon conviction of a felony or misdemeanor involving moral turpitude; (4) the nature of petitioner’s occupation in detail since his suspension or resignation with names and addresses of all partners, associates in business, and employers, if any, and dates and duration of all such relations and employments; (5) a statement showing the approximate monthly earnings and other income of petitioner, and the sources from which all such earnings and income were derived during said period; (6) a statement showing all residences maintained during said period; *MCCLXIV with names and addresses of landlords, if any; (7) a statement showing all financial obligations of petitioner including but not limited to amounts claimed, unpaid, or owing to The Florida Bar Clients’ Security Fund or former clients at date of filing of the petition, together with the dates names and addresses of all creditors; (44) (8) a statement of restitution made for any and all obligations to all former clients and The Florida Bar Clients’ Security Fund, and the source and amount of funds used for this purpose; and (9) a statement showing dates, general nature, and ultimate disposition of every matter involving the arrest or prosecution of petitioner during said period for any crime, whether felony or misdemeanor, together with the names and addresses of complaining witnesses, prosecuting attorneys, and trial judges; (10) a statement as to whether or not any applications were made during said period for a license requiring proof of good character for its procurement; and as to each such application, the dates, the name and address of the authority to whom it was addressed, and the disposition thereof; (11) a statement of any procedure or inquiry, during said period, concerning petitioner’s standing as a member of any profession or organization, or holder of any license or office, which involved the censure, removal, suspension, revocation of license, or discipline of petitioner; and as to each, the dates, facts and the disposition thereof, and the name and address of the authority in possession of the record thereof; (12) a statement as to whether or not any charges of fraud were made, or claimed, against petitioner during said period, whether formal or informal, together with the dates and names and addresses of persons making such charges; (13) a concise statement of facts claimed to justify reinstatement to The Florida Bar; (141 (8) a statement showing the dates, general nature and final disposition of every civil action wherein petitioner was either a party plaintiff or defendant, together with dates of filing of complaints, titles of courts and causes, and the names and addresses of all parties plaintiff and defendant, names and addresses of attorneys for said parties and of the trial judge, or judges, and names and addresses of all witnesses who testified in said action or actions; and (15) a statement showing what amounts, if any, of the costs assessed against the accused attorney in the prior disciplinary proceedings against him have been paid by the accused attorney and the source and amount of funds used for this purpose. Upon the appointment of a referee and bar counsel. Gcopies of said the petition shall be furnished by the executive director to the local Board members who will submit their recommendations for the appoint ment of-referee and bar-counsel. — Such recommendation — will—be—forwarded with other necessary information to the Executive Committee for action. Upon the appointment of referee and bar counsel, a copy of said petition will bo transmitted to the, local grievance committees and to such other persons as are mentioned in paragraph (a) above Florida Bar Integration Rule By-laws. article II. section 5, which persons will be asked to direct their comments to bar counsel. The proceedings and finding of the referee shall relate to those matters described in paragraph (a) above Florida Bar Integration Rule By-laws, article II, section 5. and also to those matters tending to show petitioner’s rehabilitation. his present fitness to resume the practice of law and the effect of such proposed reinstatement upon the administration of justice, the purity of the courts and confidence of the public in the profession.
Note: By-laws, article II, section 5 is former By-laws, article XI, section 4(l)(a).